SULAIMAN LAW GROUP, LTD.
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAHAR SENGEL and CENGIZ SENGEL,<br><br>Plaintiffs,<br><br>v.<br><br>CONCORD SERVICING CORP. d/b/a BLACKWELL RECOVERY,<br><br>Defendant. | Case No. 5:21-cv-01454<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW come BAHAR SENGEL ("Bahar") & CENGIZ SENGEL ("Cengiz") (collectively, "Plaintiffs"), by and through the undersigned attorney, complaining as to the conduct of CONCORD SERVICING CORP. d/b/a BLACKWELL RECOVERY ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 47 U.S.C. § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiffs are consumers over 18 years of age residing in Temecula, California, which is located within the Central District of California.

5. Plaintiffs are each a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a third-party debt collector claiming to "combine[] innovative technology solutions with a diverse set of efficient collection strategies for a healthier portfolio" and offer "recovery performance among the highest in the industry[.]"[1] Defendant is incorporated in the state of Arizona and headquartered at 4150 N Drinkwater Blvd #200, Scottsdale, AZ 85251. Defendant regularly collects from consumers in the state of California.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiffs' claims against Defendant is proper under Fed. R. Civ. P. 20(a)(1) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

---

[1] https://concordservicing.com/capabilities/blackwell-collections/

**FACTS SUPPORTING CAUSES OF ACTION**

10. The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt"), said to be owed by Plaintiffs in connection with Homeowners Association services on their personal residence.

11. Upon information and belief, after Plaintiffs' purported default, the subject debt was turned over to Defendant for collection purposes.

12. On or about August 6, 2021, Defendant mailed or caused to be mailed a dunning letter to Plaintiffs in an attempt to collect on the subject debt ("August letter").

13. The August letter was the first written communication Plaintiffs received from Defendant in connection with the subject debt.

14. The August letter provided the following information regarding the subject debt:

| | |
|---|---|
| Late Charges | $7.12 |
| Maintenance Fees | $282.73 |
| Collection Fees | $110.26 |
| Total Balance Due | $400.11 |

15. The remainder of the August letter provides the disclosures required to be provided by debt collectors in their initial written communication with consumers pursuant to 15 U.S.C. §§ 1692e(11) and 1692g(a)(3)-(5).

16. No further information was provided as to the nature of the subject debt or any other information that would have allowed Plaintiffs to go about intelligently addressing the subject debt.

17. Upon reviewing the August letter, Plaintiffs became highly confused and distressed as to the nature of the subject debt and whether this was a debt that was legitimately owed.

18. As an initial matter, the August letter fails to adequately advise Plaintiffs of the current creditor to whom the subject debt is owed, as required by 15 U.S.C. § 1692g(a)(2).

19. Defendant's August letter does not clarify to whom the subject debt is now owed.

20. As a matter of fact, the August letter does not contain information pertaining to any creditor at all.

21. As such, Defendant's collection letter was misleading and confusing to Plaintiffs, and is similarly misleading and confusing to the unsophisticated consumer, as it left Plaintiffs guessing as to whom the subject debt was specifically owed.

22. Defendant's August letter further deprived Plaintiffs of truthful, non-misleading information in connection with Defendant's collection efforts.

23. Frustrated and confused by the nature of Defendant's collection efforts, Plaintiffs spoke with counsel, resulting in the accrual of expenses and expenditure of time.

24. Plaintiffs have suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress, feeling harassed, deprivation of substantive and vital information in connection with Defendant's collection efforts, as well as harm and a risk of harm to Plaintiffs' concrete interests under the FDCPA as Defendant's conduct deprived Plaintiffs of being able to go about intelligently responding to Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiffs repeat and allege paragraphs 1 through 23 as though fully set forth herein.

26. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of the FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor *to whom the subject debt was owed* in the August letter. The letter misled and deceived Plaintiffs, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts. Defendant's August letter fails to inform Plaintiffs as to the identity of the creditor *to whom a debt is owed* with clarity required by binding Seventh Circuit precedent.

    **b. Violations of FDCPA § 1692g(a)(2)**

33. The FDCPA, pursuant to 15 U.S.C. § 1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

34. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the August letter identify who the *current*

creditor is and impermissibly leaves Plaintiffs guessing as to whether Defendant is the creditor *to whom the subject debt is owed.* Such conduct violates the FDCPA as a matter of law.

WHEREFORE, Plaintiffs BAHAR SENGEL and CENGIZ SENGEL respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiffs restate and reallege paragraphs 1 through 33 as though fully set forth herein.

36. Plaintiffs are each a "person" as defined by Cal. Civ. Code § 1788.2(g).

37. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

38. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   **a. Violations of RFDCPA §§ 1788.10–1788.17**

39. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

6

40. As outlined above, through its continuous attempts to collect the subject debt from Plaintiffs, Defendant violated § 1788.17; and §§ 1692e and g. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiffs.

41. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiffs statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiffs BAHAR SENGEL and CENGIZ SENGEL respectfully request that this Honorable Court enter judgment in their favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c. Award Plaintiffs statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d. Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e. Award any other relief as the Honorable Court deems just and proper.

Dated: August 26, 2021                      Respectfully submitted,

By: /s/ Alejandro E. Figueroa
SULAIMAN LAW GROUP, LTD.
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
*Attorney for Plaintiffs*