1  WADE BEAVERS (Cal. Bar No. 325629)
   FENNEMORE CRAIG, P.C.
2  7800 Rancharrah Parkway
   Reno, NV 89511
3  Tel: (775) 788-2200 / Fax: (775) 788-2283
   Email: wbeavers@fennemorelaw.com
4
   *Attorneys for Defendant Concord Servicing Corporation*
5

6                    **UNITED STATES DISTRICT COURT**

7                    **CENTRAL DISTRICT OF CALIFORNIA**

8  BAHAR SENGEL and CENGIZ SENGEL;          Case No. 5:21-cv-01454-CJC-SHK
                                            Assigned to the Hon. Cormac J. Carney
9              Plaintiffs,
                                            **NOTICE OF MOTION AND MOTION TO**
10 vs.                                      **DISMISS PLAINTIFFS' COMPLAINT;**
                                            **MEMORANDUM OF POINTS AND**
11 CONCORD   SERVICING   CORP.   d/b/a      **AUTHORITIES**
   BLACKWELL RECOVERY;
12                                          *[Declaration of Wade Beavers; Declaration of*
               Defendant.                   *John D. Tennert; and Proposed Order Filed*
13                                          *Herewith]*
14
                                            Date:       December 13, 2021
15                                          Time:       1:30 p.m.
                                            Courtroom:  9B
16                                          Judge:      Hon. Cormac J. Carney
17                                          Action Filed:  August 26, 2021
18                    <u>**NOTICE OF MOTION**</u>

19         **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20         **PLEASE TAKE NOTICE** that on December 13, 2021 at 1:30 p.m., before the Honorable

21 Cormac J. Carney, United States District Judge for the Central District of California, located at 411

22 West Fourth Street, Santa Ana, California, 92701, Courtroom 9B, Defendant Concord Servicing

23 Corporation, dba Blackwell Recovery ("Blackwell"), will and hereby do move the Court for an

24 order dismissing with prejudice the Complaint for Damages filed by Plaintiffs Bahar Sengel and

25 Cengiz Sengel, pursuant to Federal Rules of Civil Procedure 8 and 12(b)(1) and (6).

26         This motion is made on grounds that (1) Plaintiffs have failed to sufficiently allege injury

27 in fact sufficient to confer Article III standing, and therefore the Court lacks jurisdiction to

28 adjudicate their claims; and (2) the Complaint fails to state a claim upon which relief can be granted

19021685.1/021561.0036

because Plaintiffs have failed to sufficiently allege that Blackwell violated the Fair Debt Collection Practices Act or California's Rosenthal Fair Debt Collection Practices Act by sending a consumer debt collection letter that omitted "the name of the creditor to whom the debt is owed."

This motion is based on this notice and motion; the attached memorandum of points and authorities; all pleadings, records, and filings in this action; and such evidence and argument as may be presented at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 9, September 15, November 3, and November 9, 2021, as set forth in the attached Declaration of John D. Tennert (**Exhibit 1**) and Declaration of Wade Beavers (**Exhibit 2**).

Dated: November 9, 2021                          **FENNEMORE CRAIG, P.C.**

    */s/  Wade Beavers*
WADE BEAVERS (SBN 325629)
7800 Rancharrah Parkway
Reno, Nevada 89511

*Attorneys for*
*Concord Servicing Corporation*


7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ................................................ 1

II.  LEGAL STANDARDS ................................................................................. 1

    A.  Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can be Granted .......... 1

    B.  Rule 12(b)(1) – Facial Attack for Lack of Standing .................................... 2

III. RELEVANT FACTUAL ALLEGATION AND REQUEST FOR INCORPORATION BY REFERENCE ...................................................................................... 3

IV. LEGAL ARGUMENT ................................................................................. 4

    A.   Plaintiffs Lack Concrete Injury and Therefore Lack Article III Standing ............ 4

    B.   Plaintiffs Fail to State a Claim for Violation of the FDCPA ........................ 7

    C.   Plaintiffs Fail to State a Claim for Violation of the Rosenthal Act .................. 9

CONCLUSION ............................................................................................ 10

1                                   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.**       **INTRODUCTION AND SUMMARY OF ARGUMENT**

3        Plaintiffs have sued Blackwell Recovery, a debt collector ("Blackwell"), based on their

4 receipt of a single letter dated August 6, 2021 that sought repayment on an overdue account held by

5 Plaintiffs with Worldmark by Wyndham HOA.  The letter informed Plaintiffs that "Blackwell

6 Recovery has been retained by Worldmark by Wyndham HOA to assist in resolving your account,"

7 provided the account number, and the balance owing $400.11.  Plaintiffs received no other written

8 communications from Blackwell.

9        Plaintiffs now assert two claims: one for alleged violation of the Fair Debt Collection

10 Practices Act ("FDCPA"), and another for alleged violation of the California Rosenthal Fair Debt

11 Collection Practices Act ("Rosenthal"). Both claims are premised on the sole allegation that the

12 Letter failed to clearly identify "the name of the creditor to whom the debt was owed" as required

13 by FDCPA 15 U.S.C. 1692g(a)(2), alleging they suffered "confusion" as a result.

14        Plaintiffs' complaint must be dismissed for lack of Article III standing, which deprives this

15 Court of jurisdiction, as Plaintiffs fail to plausibly allege the required detrimental reliance or injury

16 in fact stemming from their receipt of the letter.  Their conclusory allegations of "confusion" and

17 "emotional distress" are insufficient to survive a facial attack under Rule 12(b)(1).

18        If the Complaint is not dismissed for lack of jurisdiction, it must be dismissed with

19 prejudice for failure to state a legal claim under Rule 12(b)(6).  Blackwell's letter adequately

20 identified Plaintiffs' creditor, as supported by numerous cases addressing similar facts under the

21 FDCPA, as even the least sophisticated consumer would understand from the language and context

22 of the communication the holder of the account and Blackwell's relationship thereto.

23   **II.**       **LEGAL STANDARDS**

24       **A.**       **Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can be Granted**

25        A Rule 12(b)(6) motion to dismiss tests a complaint's legal sufficiency.  FRCP 12(b)(6).

26 "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or

27 (2) insufficient facts under a cognizable legal claim."  *SmileCare Dental Grp. v. Delta Dental Plan*

28 *of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  In considering a motion to dismiss, "well-pleaded"

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

19021685.1/021561.0036

1    allegations of a complaint "must be accepted as true and construed in the light most favorable to the

2    non-moving party." *South Ferry, LP, No. 2 v. Killinger*, 542 F.3d 776, 782 (9th Cir. 2008)

3    (citations omitted).  Conclusory allegations are "not entitled to be assumed true," and a "formulaic

4    recitation of the elements" of a claim is insufficient to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S.

5    662, 678 (2009).  A plaintiff must plead specific facts showing that a claim is "plausible on its

6    face," not just 'possible,' to survive a Rule 12(b)(6) motion. *See id., see also Bell Atlantic Corp. v.

7    Twombly*, 550 U.S. 544, 570 (2007) ("When the claims in a complaint have not crossed the line

8    from conceivable to plausible, the complaint must be dismissed.").

9    **B.      Rule 12(b)(1) – Facial Attack for Lack of Standing**

10    Federal courts are of 'limited jurisdiction' and a plaintiff bears the burden to prove the

11    requisite federal subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375,

12    377 (1994).  The plaintiff, as the party invoking federal jurisdiction, bears the burden of

13    establishing the elements of Article III standing to sue. *Spokeo, Inc., v. Robbins*, 578 U.S. 330, 338

14    (2016).  To show Article III standing, a plaintiff must "clearly allege facts" at the pleading stage

15    demonstrating "(1) [he or she has] suffered an injury in fact, (2) that is fairly traceable to the

16    challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision."

17    *Id.*  The alleged injury must be "concrete and particularized" as well as "actual or imminent, not

18    conjectural or hypothetical" to satisfy the requirements of Article III. *Lujan v. Defs. of Wildlife*,

19    504 U.S. 555, 560-61 (1992).  A "particularized" injury is one that "affect[s] the plaintiff in a

20    personal and individual way." *Id.* at 560, n. 1.  "Concreteness" means that the injury must exist:  it

21    must be "real," not "abstract." *Spokeo*, 136 U.S. at 340.

22    Article III "standing" is properly raised by a Rule 12(b)(1) motion to dismiss. *Chandler v.

23    State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  "For purposes of ruling on a

24    motion to dismiss for want of standing…the trial court…must accept as true all material allegations

25    of the complaint and must construe the complaint in favor of the complaining party." *Maya v.

26    Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).  Where a party lacks Article III standing to

27    assert a claim, it must be dismissed for lack of subject matter jurisdiction. *Id.* at 1067.

28

**FENNEMORE.**
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

III.     RELEVANT     FACTUAL     ALLEGATIONS     AND     REQUEST     FOR
INCORPORATION BY REFERENCE

Blackwell was retained by Worldmark by Wyndham, HOA to assist in collecting a debt owed by Plaintiffs for maintenance fees in connection with a timeshare.  *See, e.g.,* Plaintiffs' 8/26/21 Complaint for Damages ("Complaint") [ECF No. 1] at ¶¶10-11.  Blackwell sent Plaintiffs a letter dated August 6, 2021 requesting payment on the debt.  *Id.* at ¶12.  A copy of the letter ("Letter") is filed concurrent herewith as **Exhibit 4**.  Blackwell requests that the Court consider the contents of the Letter, which is referenced in the Complaint, without converting this Motion to Dismiss into one for summary judgment under the well-established incorporation-by-reference doctrine.  *See* Compl. at ¶¶12-15; *Knievel v. ESPN*, 393 F.3d at 1068, 1076 (9th Cir. 2005).[1]  The Letter states, in relevant part, as follows:

RE:  MAINTENANCE ACCOUNT NO. ████████1207

This communication is from a debt collector.

Blackwell Recovery has been retained by WORLDMARK BY WYNDHAM, HOA to assist in resolving your account.  Please remit your past due balance of $400.11 (see Breakdown above), which includes maintenance fees, late charges, and other applicable charges allowed by your contract, made payable to WORLDMARK, THE CLUB.  Please be advised that your automatic enrollment with WorldMark, The Club has been terminated.  Any pending reservations may be canceled without further notice.  In addition, your Travel Share membership is subject to cancellation.  Please be aware that additional monthly charges and collection fees may continue to be added to your balance until your account is paid in full.

…

Ex. 4.     The Letter also directed Plaintiffs to make any checks remitted payable to "WORLDMARK, THE CLUB."  *Id.*  Plaintiffs agree the letter "provides the disclosures required

---

[1] The Court may consider extrinsic evidence beyond the pleading without converting a 12(b)(6) motion into one for summary judgment where "the plaintiff's claim depends on the contents of the document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even thought he plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel*, 393 F.3d at 1076; *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (district may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.").


FENNEMORE
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1  to be provided by debt collectors in their initial written communication with consumers pursuant to

2  15 U.S.C. §§ 1692e(11) and 1692g(a)(3)-(5)."  Compl. (ECF No. 1) at ¶15.

3        Blackwell had no other written communications with Plaintiffs other than the Letter.  *See*

4  *id.* at ¶13.  Plaintiffs do not allege that they were unfamiliar with Worldmark by Wyndham or the

5  account number referenced.  They do not allege that they ever actually attempted to pay the debt, or

6  took any actual action in reliance on the content of the Letter.  Instead, they allege that the letter left

7  them "highly confused and distressed as to the nature of the subject debt and whether this was a

8  debt that was legitimately owed."  *Id.* at ¶17.  They provide a threadbare, conclusory allegation that

9  they "suffered concrete harm as a result of Defendant's conduct, including but not limited to

10  emotional distress, feeling harassed, deprivation of substantive and vital information in connection

11  with Defendant's collection efforts…."  *Id.* at ¶24.

12  **IV.  LEGAL ARGUMENT**

13      **A.  Plaintiffs Lack Concrete Injury and Therefore Lack Article III Standing**

14        Plaintiffs allege that, on receipt of the Letter, they became "highly confused and distressed

15  as to the nature of the subject debt and whether this was a debt that was legitimately owed" and that

16  they both suffered "emotional distress, feeling harassed, deprivation of substantive and vital

17  information in connection with Defendants' collection efforts…." *Id.* at ¶¶17, 24.  However,

18  Plaintiffs' bald, implausible allegations of "confusion," "emotional distress" and "feeling harassed"

19  by the content of the letter are insufficient to confer standing under Article III.  The Plaintiffs are

20  required to sufficiently allege actual, concrete detrimental reliance on the "confusing" content of the

21  Letter, but fail to do so.

22        Because "Article III standing requires a concrete injury even in the context of a statutory

23  violation…a bare procedural violation, divorced from any concrete harm," does not confer standing

24  upon a plaintiff.  *Spokeo*, 136 U.S. at 341; *see also, e.g., TransUnion LLC v. Ramirez*, 141 S.Ct.

25  2190, 2205 (2021) ("Article III grants federal courts the power to redress harms that defendants

26  cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.");

27  *id.* at 2207-2208 ("Plaintiffs bear the burden of demonstrating that they have standing…must

28

1  maintain their personal interest in the dispute at all stages of litigation [and] must demonstrate

2  standing with the manner and degree of evidence required at the successive stages of litigation.").

3       The Ninth Circuit has adopted a two-step approach to assess whether a statutory violation

4  causes a concrete injury sufficient to satisfy Article III.  *Patel v. Facebook, Inc.*, 932 F.3d 1264,

5  1270 (9th Cir. 2019).  The court must inquire (1) whether the statutory provisions at issue were

6  established to protect the plaintiff's concrete interests (as opposed to purely procedural rights), and

7  if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a

8  material risk of harm to, such interests." *Id.* at 1270-71.

9       Recently, the Ninth Circuit applied this analysis to a closely similar claim in which the

10  plaintiff asserted a violation of the FDCPA based on receipt of a debt collection letter that "failed to

11  clearly identify his current creditor."  *Adams v. Skagit Bonded Collectors, LLC*, 836 Fed.Appx. 544,

12  545 (9th Cir. 2020)).  The Court determined that FDCPA allegations were akin to common law

13  fraud that "required proof of reliance and resulting pecuniary loss." *Id.* at 546 (citing Restatement

14  (Second) of Torts, §§ 525, 537, 550-552 (Am. L. Inst. 1977)).  It held that "[s]tatements that induce

15  no reliance do not impede a consumer's ability to intelligently respond to a debt collector." *Id.*

16  (emphasis added). "Because not every misleading statement in a debt collection letter necessarily

17  threatens the recipient's concrete interests, we consider the alleged violation [of failing to clearly

18  identify the creditor] more procedural than substantive." *Id.*

19       Examining the plaintiff's claimed "confusion" about the designation of the creditor, the

20  court went on to conclude

21      [the plaintiff has] not alleged actual harm or a material risk of harm to the
   interests protected by the FDCPA [because] [n]othing in the Complaint suggests
22  he took or forwent any action because of the allegedly misleading statements in
   the letters. Rather, the Complaint includes a bare allegation of confusion.
23  Without more, confusion does not constitute an actual harm to [plaintiff's]
   concrete interests.
24

25  *Id.* at 547.  The Ninth Circuit remanded the plaintiff's FDCPA claim to the district court for

26  dismissal based on lack of Article III standing. *Id.*

27       In another recent decision, a court sitting in the Northern District of California dismissed

28  another FDCPA claim premised on an alleged "confusion as to the current creditor" in a debt


**FENNEMORE.**
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

communication based on the principles stated in *Adams*. *Lenzini v. DCM Services, LLC*, 2021 WL 2139433 (N.D. Cal. May 26, 2021). The *Lenzini* court noted the *Adams* court's "clear" instruction that "the doctrine of an informational injury does not apply to FDCPA claims such as the one alleged…" *Id.* In dismissing the FDCPA claim for lack of jurisdiction, the court confirmed that a "threadbare allegation of confusion" was insufficient to demonstrate the detrimental reliance required to show standing under the test in *Adams*, and noted the plaintiff's failure to explain "action undertaken" or to explain or allege "*how*" the naming of the creditor caused confusion. *Id.*

Here, the Plaintiffs' allegations track those that were dismissed for lack of concrete injury in *Adams* and *Lenzini*. Per *Adams*, Plaintiffs must allege **detrimental reliance**. The Complaint is devoid of any claim that they took or did not take a specific act because of the manner in which the Letter was worded. They allege no concrete, pecuniary harm other than a threadbare, implausible assertion that they both experienced "emotional distress," which is not compensable under traditional principles of common law "fraud." *See* ECF No. 1, Compl. at ¶24; *see also Adams*, 836 Fed.Appx. at 546 (FDCPA claim based on failure to identify a creditor is most analogous to "fraud" for standing purposes); *see also e.g., de la Cerra Frances v. de Anda*, 224 Fed.Appx. 637, 638, 2007 WL 731362 (9th Cir. Mar. 12, 2007) (state law fraud claim cannot rest solely on emotional distress damages).

The Letter states in no uncertain terms that Blackwell was "retained by Worldmark by Wyndham HOA" to assist in resolving "your account" and provides the account number. **Ex. 4**. Plaintiffs do not allege or explain what was "confusing" to them about this statement, or allege they were unfamiliar with their own account with Worldmark underlying the debt. Even if it were true that Blackwell had completely failed to identify the creditor, Plaintiffs do not plausibly allege anything more than an "informational" injury. *See, e.g., TransUnion*, 141 S.Ct. at 2207 ("…under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court…."). Plaintiffs' claims must be dismissed under Rule 12(b)(1) because their allegations fail to include a facial showing of concrete injury or standing.

///

**B.  Plaintiffs Fail to State a Claim for Violation of the FDCPA**

In "Count I" of their Complaint, Plaintiffs allege violations of FDCPA provisions 15 U.S.C. § 1692g(a)(2); 15 U.S.C. § 1692e(2)(A); and 15 U.S.C. § 1692e(10).  Section 1692g imposes on debt collectors procedural obligations to notify consumers of certain statutory rights when communicating with them.  Sections 1692e prohibits "false, deceptive, or misleading representations" in the collection of consumer debts.  Plaintiffs' claims under 1692e appear to be completely predicated on the alleged "failure to identify the current creditor" as required by 1692g, and on no other conduct.  *See* ECF No. 1, Compl. at ¶¶30-32.   Plaintiffs' "Count I" must be dismissed under Rule 12(b)(6) for failure to state a claim.

15 U.S.C. § 1692g(a)(2) requires a debt collector to send a communication containing "the name of the creditor to whom the debt was owed."  The 9th Circuit has interpreted that the identity of a creditor "must be conveyed effectively to the debtor," although no "magic words" are required. *See Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988); *see also Lenzini*, 2021 WL 2139433 at *5. "[W]hether the initial communication violates the FDCPA depends on whether it is 'likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).  "Most courts agree that although the least sophisticated debtor may be uninformed, naïve, and gullible, nonetheless his interpretation of a collection notice cannot be bizarre or unreasonable." *Tourgeman v. Collins Financial Services, Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014).  "[T]he standard preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care.") *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011).

Communications must be examined as a whole, not sentence-by-sentence, because the least sophisticated consumer standard "does not go so far as to provide solace to the willfully blind or non-observant.  Even the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 298-99 (3rd Cir. 2008).

Here, even the least sophisticated consumer would have been aware that the creditor for the debt was WORLDMARK BY WYNDHAM, HOA.  The Letter clearly identifies the creditor, and Blackwell's relationship to the creditor, by stating in the very first line of the body of text that

FENNEMORE
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   "*Blackwell Recovery has been retained by WORLDMARK BY WYNDHAM, HOA to assist in*

2   *resolving your account*."  **Ex. 4**.  The specific account number is given.  *Id.*  Plaintiffs do not allege

3   that they had no such account or that the name provided was unfamiliar to them.  *See, e.g., Kermani*

4   *v. Law Office of Joe Pezzuto, LLC*, 993 F.Supp.2d 1187, 1190 ("neither the Complaint nor Mr.

5   Kermani's opposition to Defendants' motion to dismiss denies the existence of the relevant account

6   between Mr. Kermani and Bank of America.  Therefore, Mr. Kermani fails to state a claim under

7   1692e(2).").

8          Courts examining similar debt collection letters under 1692g(a)(2) have found that even the

9   least sophisticated consumer should be able to understand the identity of their creditor from the

10  language and context of the communications. *See, e.g., Romano v. Schacther Portnoy L.L.C.*, 2017

11  WL 2804930 (E.D. N.Y. June 28, 2017) ("That established, there is no other way to understand the

12  disclosure that '[t]his firm has been retained by the above-named client to collect the amount due,

13  indicated above,' than to conclude that the current owner of the debt is that above-named client.");

14  *see also, e.g., Eger v. Southwest Credit Systems, L.P.*, 2019 WL 1574802 (E.D. N.Y. April 11,

15  2019) ("…to the extent Plaintiff contends [debt collector's] reference to "Verizon" is amorphous,

16  where a corresponding account number is provided, which is a distinct reference point that even the

17  least sophisticated consumer is deemed to understand and be able to use to verify basic

18  debtor/creditor information"); *see also, e.g., Bryan v. Credit Control, LLC*, 2018 WL 6520730 at *5

19  (E.D. N.Y. Dec. 11, 2018) (finding no violation of 1692g(a)(2) where "[t]he Collection Letter lists

20  Kohl's as [collector's] 'Client," includes a "Client Account #' number, and states that Defendant is

21  writing with options to pay off the referenced 'account.'"); *see also, e.g., Marti v. Schreiber/Cohen,*

22  *LLC*, 454 F.Supp.3d 122 (D. Mass. 2020) ("Although [the letter] does not explicitly state that

23  Midland is Plaintiff's current creditor or that [debt collector] is attempting to collect a debt on

24  Midland's behalf, these facts are clear from context when the letter is read in its entirety.").

25          The plain language of the Letter clearly conveys that Blackwell is a debt collector hired to

26  collect on a debt owed to Worldmark by Wyndham HOA, belying Plaintiffs' bald allegation that the

27  Letter "does not contain information pertaining to any creditor at all."  ECF No. 1, Compl. at ¶20.

28  The failure to state any violation that basic procedural requirement mandates dismissal with



**FENNEMORE**
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

8

prejudice of all of Plaintiffs' purported claims under sections 1692e and 1692g of the FDCPA under Rule 12(b)(6).

### C.    Plaintiffs Fail to State a Claim for Violation of the Rosenthal Act

For their "Count II" Plaintiffs allege Blackwell violated sections 1788.10 to 1788.17 of California's Rosenthal Act by engaging in a "harassing, deceptive, and unconscionable campaign, to collect from Plaintiffs." ECF No. 1, Compl. at ¶40. Plaintiffs specifically predicate their state law claim on the alleged violations of sections 1692e and 1692g of the FDCPA that are refuted above. Plaintiffs specifically ground their cause of action on Cal. Civ. Code 1788.17, which provides that requires debt collectors to "comply with the provisions of [15 U.S.C.] Section[s] 1692b to 1692j."

As described herein, their pleading is completely devoid of any conduct that could be construed as "harassing" or "unconscionable." Plaintiffs have not plead any violation of 15 U.S.C. 1692e or 1692g. Again, Plaintiffs' sole substantive allegation supporting any of their claims is that the single Letter they received failed to "adequately advise Plaintiffs of the current creditor." *Id.* at ¶18. However the creditor is identified in the Letter, along with Plaintiffs' account number, and Blackwell states clearly that it is working on behalf of the creditor to collect on the existing account. **Ex. 4**. Even the least sophisticated consumer, reading the Letter as a whole, would have no plausible confusion about the account being referenced. In the absence of any violation of 1692g(a)(2), or any allegation of "harassing, deceptive, or unconscionable" conduct, Plaintiffs have failed to plead a Rosenthal Act claim and their Count II must be dismissed with prejudice under Rule 12(b)(6). *See, e.g., Bang v. Pioneer Credit Recovery, Inc.*, 2020 WL 3213793 (C.D. Cal. April 1, 2020) (dismissing FDCPA claim and alleged violation of section 1788.17 of the Rosenthal Act, "Since Plaintiff's FDCPA claim fails, his Rosenthal Act claim also fails); *see also Riggs v. Prober & Raphael*, 681 F.3d 1097, 11000 (9th Cir. 2012).

Additionally, this Court has noted that Rosenthal Act claims premised on alleged misleading statements must satisfy the heightened pleading requirements of FRCP 9(b). *See, e.g., Brown v. CitiMortgage, Inc.*, 2016 WL 7507762 (C.D. Cal. Feb. 17, 2016) (collecting cases). As noted above, Plaintiffs have failed to explain or allege what, if anything, was misleading about the

identification of the creditor or other statements contained in the Letter. This fails to satisfy the minimal *Twombley* pleading standard for Rule 8, much less the elevated standard for specificity under Rule 9(b).

<u>**CONCLUSION**</u>

For the reasons stated above, this Court should dismiss the Complaint in full based on lack of jurisdiction under Rule 12(b)(1), as Plaintiffs have failed to plead facts showing they have Article III standing.

If the Court does not dismiss for lack of jurisdiction, the Court should dismiss with prejudice both Count I and Count II against Concord Servicing Corporation dba Blackwell Recovery under Rule 12(b)(6) because Plaintiffs have failed to state either an FDCPA claim or a Rosenthal Act claim upon which relief can be granted.

Dated: November 9, 2021

**FENNEMORE CRAIG, P.C.**

_/s/ Wade Beavers_
WADE BEAVERS (SBN 325629)
7800 Rancharrah Parkway
Reno, Nevada 89511

*Attorneys for Concord Servicing Corporation*

